[Crim. No. 16343. Second Dist., Div. Four. Dec. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE DOUGLAS NELSON, Defendant and Appellant.

## Counsel

Milton Orman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark Leicester, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**JEFFERSON, Acting P. J.**—Defendant was convicted by the court of a violation of section 12090 of the Penal Code (unauthorized alteration of identification number on a handgun) and of the misdemeanor violation of section 12031, subdivision (a) of the Penal Code (carrying a loaded firearm without a permit in a public place), and was granted probation. He appeals.

At about 2:30 or 3 a.m. Russell Cansino heard a car in the alley behind his house. He told his father and the two of them went outside and looked

down the alley. They saw a car driving slowly through the alley with four men walking behind it. They all wore "jump suits" and beret hats. When the four men looked in the direction of Russell and his father they scattered into bushes which lined the alley. Russell went in and called the police. Officers Bollinger and Verdugo responded to the call and started looking for the four men. Russell spotted defendant crouched down between a garage and a pile of trash in the backyard of a neighbor. He called to defendant and said that the police already had one of his friends in custody and that they were looking for him. Defendant stated "well, let me know when they go." Russell said that he would. He then went over and informed the officers where defendant was hiding. The officers ordered defendant to come out and, when he did, conducted a cursory search for weapons. Officer Bollinger found a loaded 7-millimeter automatic pistol in the waistband of defendant's trousers underneath his jump suit. Officer Verdugo then turned his flashlight on the spot where defendant had been crouching and observed a revolver. It was located in the trash pile about three inches from where defendant's right leg had been. The revolver was a .38 caliber Smith and Wesson. It was also loaded.

Later examination revealed that the official serial number on the butt end of the revolver had been removed. The metal in the area of the frame where the number was located "had been taken out." The serial number had not been removed from two secret locations where the manufacturer placed the number. Both weapons were found to be in operating condition.

No issue is raised by defendant in regard to his conviction of carrying the loaded automatic pistol. He challenges the sufficiency of the evidence to convict him of the count charging that he removed the serial number from the revolver and further asserts that, in any event, the Legislature did not intend that the removal of the serial number from only one of three places on the weapon should constitute a removal of the identification number within the meaning of Penal Code, section 12090.

Taking first the issue of the proper construction to be given to section 12090, the statute states that the offense is committed when a person, who is unauthorized to do so, "changes, alters, removes or obliterates the name of the maker, model, manufacturer's number, or other mark of identification . . . on any pistol or revolver. . . ." Nothing is said in section 12090 about requiring the removal of all marks of identification for the offense to be complete. From the plain meaning of the words used, we conclude that the statute proscribes the alteration or removal of any mark of identification on a handgun. Here the crime was complete upon the removal of the visible identification number from the frame of the revolver. The fact the two hidden numbers, which could only be observed by disassembling the

weapon, had not been altered is immaterial, just as it is immaterial that the manufacturer's name had not been removed or altered.

 ˙As to the sufficiency of the evidence point, the record establishes that, when defendant was ordered to come out of his hiding place next to the trash pile, the revolver was found at the spot where he had been crouching. From this evidence, a reasonable inference may be drawn that he had possession of the weapon and had left it there. Penal Code, section 12091 provides that a finding of possession of an altered handgun "shall be presumptive evidence that the possessor" did the altering. That possession of such a gun is deemed prima facie evidence it was altered by the possessor, is neither unreasonable nor unconstitutional. (*People* v. *Scott,* 24 Cal.2d 774, 779-783 [151 P.2d 517].) Defendant testified but offered no evidence that someone else had altered the weapon. Thus, under the facts, the trier of fact was required to draw the inference that he had done the altering. (*People* v. *Stout,* 66 Cal.2d 184 [57 Cal.Rptr. 152, 424 P.2d 704]; Pen. Code, § 12091.)

The judgment (order granting probation) is affirmed.

Kingsley, J., and Dunn, J., concurred.