[No. G027388. Fourth Dist., Div. Three. Aug. 21, 2001.]

In re CHRISTOPHER K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER K., Defendant and Appellant.

**COUNSEL**

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura Whitcomb Halgren and Holley A. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOORE, J.**—When is possession more than possession? When an unconstitutional statute creates a legal presumption that possession means a great deal more.

A petition filed under Welfare and Institutions Code section 602 alleged appellant Christopher K. possessed a firearm (Pen. Code, § 12101, subd. (a); count I), and obliterated the identification of a firearm (Pen. Code, § 12090; count II). The court found true both allegations, reduced count I to a misdemeanor, and ordered appellant to serve 120 days in custody followed by probation. Appellant appeals the court's finding on the second count only, contending the presumption set forth in Penal Code section 12090 is unconstitutional. We agree and reverse the finding on count II.

I

FACTS

The Anaheim police were dispatched to a motel to investigate a report of a man with a gun. The door to a motel room was open, and the officers found appellant sitting on the bed. During a search, the officers found a semiautomatic pistol in a nightstand drawer. The firearm's serial number had been filed off, but the officers did not see appellant filing the serial number nor did they find any instruments in the room capable of doing so. Appellant was arrested. In the adjacent room, the officers found approximately nine people, including appellant's brother.

During an interrogation, appellant stated the two adjacent motel rooms were being used for a party. Appellant stated he had arrived with his brother and another individual earlier in the evening, and his brother and the other person had brought the gun. He said the guests moved back and forth between the rooms all night long. Appellant admitted handling the gun and placing it in the drawer, but denied obliterating the serial number.

II

DISCUSSION

■ Appellant contends the only basis for the court's finding that the allegations of count II were true was the presumption set forth in Penal Code section 12091, and without the presumption, the evidence is insufficient to support the court's finding. The presumption should be ignored, he argues, because it is unconstitutional. Respondent admits the evidence is insufficient, but does not squarely address the constitutional issue. We conclude section 12091 is unconstitutional.

*Penal Code section 12091*

Under Penal Code section 12090, any person who "changes, alters, removes or obliterates the name of the maker, model, manufacturer's number,

or other mark of identification" on a firearm without the permission of the Department of Justice is guilty of a felony. Penal Code section 12091 creates a presumption relevant to section 12090: "Possession of any pistol or revolver upon which the name of the maker, model, manufacturer's number or other mark of identification has been changed, altered, removed, or obliterated, shall be presumptive evidence that the possessor has changed, altered, removed, or obliterated the same."

No direct or circumstantial evidence connects appellant to the offense, and the juvenile court judge stated that the reason for finding the allegation true was the presumption under Penal Code section 12091. Appellant presented evidence to the contrary. He stated he did not remove the identification number, a statement to which the court accorded "slight" weight because of its "self-serving" nature. In this situation, however, we wonder what other evidence appellant could have produced to rebut the presumption; to demand evidence other than appellant's denial would have required appellant to prove a negative. Nonetheless, the parties agree that the court's only basis for finding the allegation true was the presumption. We therefore turn to the question of whether the presumption withstands constitutional scrutiny.

*Penal Code section 12091 is an unconstitutional mandatory presumption*

A mandatory presumption requires the trier of fact to conclude the presumed fact is true if it finds the underlying fact true. (*Ulster County Court v. Allen* (1979) 442 U.S. 140, 157 [99 S.Ct. 2213, 224-225, 60 L.Ed.2d 777].) In the instance of Penal Code section 12091, the underlying fact is possession of a weapon with altered or obliterated identifying marks. The presumed fact is that defendant altered or obliterated the marks. Absent evidence to the contrary, possessing an altered weapon "shall be presumptive evidence" (Pen. Code, § 12091) that defendant is the person who altered or obliterated the identifying marks. Section 12091 is therefore a mandatory presumption. (See also *People v. Henderson* (1980) 109 Cal.App.3d 59, 62 [167 Cal.Rptr. 47].)

In 1944, the California Supreme Court upheld the constitutionality of Penal Code section 12091. (*People v. Scott* (1944) 24 Cal.2d 774 [151 P.2d 517]; see also *People v. Nelson* (1969) 2 Cal.App.3d 738, 741 [83 Cal.Rptr. 6].) Thereafter, however, the United States Supreme Court analyzed the constitutionality of a similar presumption in *Ulster County Court v. Allen, supra,* 442 U.S. 140. ■ The court held that in a criminal case, the constitutional validity of a mandatory presumption turns on whether the presumption relieves the prosecution of its burden to prove the ultimate facts beyond a reasonable doubt. Because "the prosecution bears the burden of

establishing guilt, it may not rest its case entirely on a presumption unless the fact proved is sufficient to support the inference of guilt beyond a reasonable doubt." (*Id.* at p. 167 [99 S.Ct. at pp. 2229-2230].)

 Applying this standard to Penal Code section 12091, unless the underlying fact (possession) alone satisfies the reasonable doubt standard with regard to the charged offense (obliteration), the presumption is constitutionally invalid. Two districts of the Court of Appeal have already reached the conclusion that proving possession of an altered weapon is not sufficient to prove that defendant obliterated the identifying marks.

The Second District was the first appellate court to review Penal Code section 12091 after *Ulster County Court v. Allen, supra,* 442 U.S. 140. In *People v. Henderson, supra,* 109 Cal.App.3d 59, the court held it was error to instruct the jury it was required to find the defendant guilty of violating section 12091 unless other evidence created a reasonable doubt as to defendant's guilt. (109 Cal.App.3d at p. 62.) The court noted, "It seems too clear to warrant extended discussion that possession does not prove obliteration with the strength required by the reasonable doubt standard." (*Id.* at p. 65, fn. omitted.)

Eleven years later, the Fifth District Court of Appeal reached the same conclusion in *People v. Wandick* (1991) 227 Cal.App.3d 918 [278 Cal.Rptr. 274]. In *Wandick,* the People conceded that instructing the jury regarding the Penal Code section 12091 presumption was error, but argued it was harmless under *Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065]. The court disagreed, distinguishing presuming a state of mind from the underlying fact with presuming an act: "It is one thing to infer intent from a criminal act. It is another matter to infer a criminal act (obliteration of identifying numbers) from another act which may or may not be criminal (possession of a weapon with obliterated identifying marks). Even if the jury found defendant possessed the revolver, that fact standing alone is not sufficient to support a finding beyond a reasonable doubt that defendant obliterated the numbers. Since there was no evidence, other than circumstantial evidence of possession, that defendant obliterated the identifying numbers on the revolver, the erroneous instruction cannot be found harmless . . . ." (*People v. Wandick, supra,* 227 Cal.App.3d at p. 925.)

We see no principled distinction between a jury's reliance on the presumption and the court's when the court is acting as the trier of fact. The challenged jury instructions in *Wandick* and *Henderson* were modeled on the statute's language, and the same analysis applies to a direct challenge of the statute. If neither the court nor the jury as trier of fact is constitutionally

permitted to apply the presumption, there is simply no reason to uphold the constitutionality of the statute itself. It is clearly unconstitutional under the standard set forth in *Ulster County Court v. Allen, supra*, 442 U.S. 140, and today we add our voice to the two appellate courts that have previously reached the same conclusion in the context of jury instructions. We urge the Legislature to repeal or amend Penal Code section 12091, and in the interim, trial courts must disregard it.

## III

### DISPOSITION

The finding that appellant obliterated the identification of a firearm in violation of Penal Code section 12090 is reversed, and the case is remanded to the juvenile court for further proceedings. The judgment is affirmed in all other respects.

Sills, P. J., and Rylaarsdam, J., concurred.